Matthew W. Ruan (SBN 264409)
**FREED KANNER LONDON & MILLEN LLC**
2201 Waukegan Road, Suite 130
Bannockburn, IL
Telephone: (224) 632-4500
mruan@fklmlaw.com

R. Alexander Saveri (SBN 173102)
Geoffrey C. Rushing (SBN 126910)
Matthew D. Heaphy (SBN 227224)
David Y. Hwu (SBN 281780)
**SAVERI & SAVERI, INC.**
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
rick@saveri.com
grushing@saveri.com
mheaphy@saveri.com
dhwu@saveri.com

*Counsel for Plaintiff Virginia Lambrix and the Proposed Class*

Vanessa A. Lavely (*pro hac vice*)
**CRAVATH, SWAINE & MOORE LLP**
825 Eighth Avenue
New York, New York 10019
Telephone:  (212) 474-1000
Facsimile:  (212) 474-3700

*Counsel for Defendant Tesla, Inc.*

[Additional counsel listed on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIRGINIA M. LAMBRIX, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>  v.<br><br>TESLA, INC.,<br><br>    Defendant. | Case No. 3:23-cv-1145-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Judge:  Honorable Trina L. Thompson |

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
1

| | |
|---|---|
| ROBERT ORENDAIN, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br>v.<br>TESLA, INC.,<br>　　　　Defendant. | Case No. 3:23-cv-1157-TLT |
| SEAN BOSE, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br>v.<br>TESLA, INC.,<br>　　　　Defendant. | Case No. 3:23-cv-1496-TLT |
| PATRICK DOYLE, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br>v.<br>TESLA, INC.,<br>　　　　Defendant. | Case No. 3:23-cv-1543-TLT |
| PHILOMENA FOCHWANG NANA-ANYANGWE, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br>v.<br>TESLA, INC.,<br>　　　　Defendant. | Case No. 3:23-cv-2035-TLT |
| ANDREW RAGONE, individually and on behalf of all others similarly situated,<br>　　　　Plaintiff,<br>v.<br>TESLA, INC.,<br>　　　　Defendant. | Case No. 5:23-cv-2352-TLT |

Class Plaintiffs in the above-captioned cases (collectively, "Plaintiffs") and Defendant Tesla, Inc., ("Tesla", together with Plaintiffs, the "Parties") jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
2

1. **Jurisdiction and Service**

Plaintiffs assert that this Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question), 1332 (class action diversity jurisdiction), and 1337(a) (antitrust); and under 15 U.S.C. § 15 (antitrust). Tesla respectfully refers the Court to its forthcoming Motion to Dismiss for its argument that Plaintiffs lack Article III standing, but Tesla does not otherwise contest Plaintiffs' asserted statutory sources of subject-matter jurisdiction. There are no issues pending at this time regarding personal jurisdiction or venue, and no parties remain to be served. As noted in Section 3 below, Tesla intends to move to compel arbitration as to one Plaintiff—Robert Orendain.

2. **Facts**

**PLAINTIFFS STATE:** Plaintiffs allege that Tesla has leveraged its market power in the United States electric vehicle ("EV") market to monopolize and restrain the United States markets for (a) compatible replacement parts ("Tesla-Compatible Parts") and (b) maintenance and repair services ("Tesla Repair Services") for Tesla EVs. Plaintiffs further allege that that Tesla leverages its market power in the Tesla-Compatible Parts market to maintain its monopoly in Tesla Repair Services market, and vice versa.

Tesla accomplishes this by, among other things:

(a) Designing its vehicle warranties and related policies to discourage Tesla owners from obtaining parts or services from anyone other than Tesla;

(b) Designing its vehicles so that maintenance and repairs require access to diagnostic and telematic information accessible only through remote management tools exclusively accessed by Tesla; and

(c) Limiting access to its manuals, diagnostic tools, vehicle telematic data, and original equipment manufacturer ("OEM") replacement parts.

According to Plaintiffs, as a result of this anticompetitive course of conduct, Tesla has prevented independent providers from entering the Tesla Repair Services market, prevented its original equipment manufacturer ("OEM") parts suppliers from producing Tesla-Compatible Parts for anyone other than Tesla, and prevented market entry by non-OEM Tesla-Compatible Parts manufacturers. These actions

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
3

cause Tesla owners to suffer lengthy delays in repairing or maintaining their EVs, only to pay supracompetitive prices for those parts and repairs once they are finally provided.

**TESLA STATES:** Plaintiff asks this Court to advance purported class action antitrust claims—based on judicially disfavored theories—that fail at every step: Plaintiff does not allege any cognizable antitrust market, monopoly power, anticompetitive conduct, any "tie", or Article III standing. Plaintiffs (Tesla owners) claim that Tesla violated Sections 1 and 2 of the Sherman Antitrust Act and Section 102 of the Magnuson-Moss Warranty Act by (1) "discouraging" the use of non-Tesla repair shops and parts through the terms of the car's warranty; (2) designing cars so that maintenance and repair require information and tools "exclusively accessed by Tesla"; and (3) "limiting access" to diagnostic and repair resources and parts. Plaintiffs' claims depend on gerrymandered "markets", conclusory and unsupported allegations of market power, and a mischaracterization of Tesla's warranties and other practices.

As Tesla's forthcoming motions to dismiss will explain, Plaintiffs' claims fail for a number of independent reasons:

- Plaintiffs fail to allege any cognizable antitrust market. The Complaint asserts the existence of an electric vehicle ("EV")-only "foremarket". But Plaintiffs' own allegations make clear that Plaintiffs' alleged foremarket is highly competitive and not limited to EVs. Indeed, Tesla has *promoted* competition among car manufacturers to further its mission of accelerating the world's transition to sustainable energy.

- Plaintiffs do not come close to pleading the rare and judicially disfavored single-brand "aftermarket" in either Tesla parts or Tesla repair services. Plaintiffs also fail to show that Tesla has monopoly power in the alleged aftermarkets, or a dangerous probability of achieving it. The Complaint does not specify any market shares, nor does it provide any allegations to support the exercise of monopoly power, barriers to entry that would be required to sustain it, or any anticompetitive conduct. In fact, Plaintiffs' own allegations make clear that Tesla's warranties do not require the use of Tesla parts and services, Tesla provides free online access to its parts catalog, and Tesla makes its diagnostic data subscription available for a modest fee. In addition to supporting the customer's right to choose

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
4

their preferred method of repairing their vehicle, Tesla protects drivers' safety and security through industry-backed standards that Plaintiffs' requested relief would compromise.

- Plaintiffs attempt various tying claims, but none of them actually qualifies as a tie, among other deficiencies.

- Plaintiffs' Magnusson-Moss Warranty Act claims fail because, among other reasons, the statute prohibits only warranties that condition their validity on the use of authorized repair services or replacement parts. By the express terms of Tesla's warranties (quoted in the Complaint), there is no such condition.

For a further explanation of the deficiency of Plaintiffs' complaints, Tesla refers the Court to its upcoming Motion to Dismiss to be filed on June 9, 2023.

### 3. Legal Issues

The Parties refer the Court to Tesla's upcoming Motion to Dismiss to be filed on June 9, 2023.

### 4. Motions

There are no pending motions as of the date of the filing of this Joint Case Management Statement.

**PLAINTIFFS STATE:** Plaintiffs intend to file a motion for appointment of interim class counsel, as well as a motion to consolidate.  After receiving sufficient discovery, Plaintiffs also intend to file a motion for class certification and will consider the appropriateness of further dispositive motion practice.

**TESLA STATES:**  Tesla intends to file motions to dismiss each of the Plaintiff's complaints on June 9, 2023, supported by a request for judicial notice and incorporation by reference.  Tesla intends to move, on June 9, 2023, to compel arbitration as to one Plaintiff—Robert Orendain, who has validly entered into a binding arbitration agreement with Tesla that encompasses the subject matter at issue in his complaint.  Tesla does not oppose consolidate of the remaining related matters.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
5

### 5. Amendment of Pleadings

Plaintiffs intend to file a consolidated amended complaint ("CAC") following consolidation of any and all related actions. The CAC may add additional parties and claims. Tesla reserves the right to respond to any forthcoming amended pleading.

The Court's Order Granting in Part and Denying in Part Stipulation re: Initial Scheduling (*Lambrix* Dkt. No. 30) indicated that it would like to discuss scheduling matters at the initial case management conference on June 15, 2023.

### 6. Evidence Preservation

The Parties certify that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirm that they met and conferred pursuant to Federal Rule of Civil Procedure 26(f) on May 24, 2023 (the "Rule 26(f) conference"). Discussion of the matters raised in the Rule 26(f) conference are ongoing.

### 7. Disclosures

At Tesla's request, the Parties have agreed to postpone initial disclosures until the matter can be discussed with the Court at the initial case management conference (currently scheduled for June 15, 2023). Per Tesla's statement, below, it believes discovery at this juncture is premature.

### 8. Discovery

a. Discovery Taken to Date

No discovery has been taken to date.

b. Scope of Anticipated Discovery

**PLAINTIFFS STATE:** Plaintiffs anticipate discovery into at least the following: (1) Defendant's analysis of the EV market, the market for maintenance and repair of Tesla EVs, and the market for Tesla-compatible parts, including Defendant's estimated market shares in those markets; (2) Defendant's prices, including analysis related thereto, for the EVs, maintenance and repair services, and repair and replacement parts it sells; (3) Defendant's policies and procedures relating to the repair and maintenance of Tesla EVs; (4); the parts used in manufacturing, maintaining, and repairing Tesla EVs, including the entities from which those parts are sourced and Defendant's agreements with such entities;

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
6

(5) the design of Defendant's various EVs and, in particular, how those designs would affect future repairs and maintenance; (6) Defendant's warranty and related policies, including efforts to discourage Tesla EV owners from obtaining parts or services anywhere other than Tesla; (7) Tesla's relationship and communications with entities in its authorized maintenance and repair network; (8) customer complaints and Defendant's responses; (9) Defendant's antitrust compliance policies; (10) Defendant's support or opposition to proposed right-to-repair legislation; (11) transactional data regarding the production and sale of Defendant's EVs, maintenance and repair of Defendants' EVs, and the purchase and sale of parts for manufacture, repair, and replacement; and (12) any other issues raised in or implicated by Defendant's anticipated motion to dismiss.

**TESLA STATES:** As noted above, Tesla respectfully submits that Plaintiffs' claims should be dismissed, so discovery will not be needed. In the event any of the claims survive Tesla's motion to dismiss, Tesla will work cooperatively with Plaintiffs to try to reach agreement on the appropriate scope of discovery. At this time, however, discovery is premature. Even if only some claims are dismissed, it will significantly impact the scope of discovery. The appropriate time to discuss the scope of discovery would be if and when any of Plaintiffs' claims survive dismissal. *See In re Google Digital Advertising Antitrust Litig.,* 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) (staying discovery pending resolution of motion to dismiss because "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive") (quotations omitted).

      c. <u>Limitations or Modifications of Discovery Rules</u>

The Parties jointly propose to meet and confer about this and any other appropriate modifications of discovery rules after they have completed initial disclosures and further addressed and agreed upon ESI-related issues.

**PLAINTIFFS STATE:** Plaintiffs anticipate that this case will require them to take more than the presumptive limit of 10 depositions under Rule 30(a).

**TESLA STATES:** Tesla respectfully submits that it is premature for the Court to consider modifying or extending the rules and limitations on discovery provided in the Federal Rules of Civil Procedure. Such limitations and/or modifications should be addressed only if necessary after the Court resolves

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
7

1  Tesla's motions to dismiss. Addressing discovery after the pending motions will allow the Parties and
2  the Court to determine the appropriate scope and limitations for discovery, if any.

      d. <u>Entry of an E-Discovery Order</u>

The Parties have met and conferred regarding an appropriate e-Discovery order/ESI protocol. These discussions are ongoing.

      e. <u>Proposed Discovery Plan</u>

The Parties do not propose a discovery schedule, as the Court's Order Granting in Part and Denying in Part Stipulation re: Initial Scheduling (Docket No. 30) indicated that it would like to discuss scheduling matters at the initial case management conference on June 15, 2023. The parties jointly submit that the Court should first address threshold matters of consolidation and the selection of a lead plaintiff.

      f. <u>Identified Discovery Disputes</u>

The Parties have not yet identified any discovery disputes.

**9. Class Actions**

Plaintiffs have brought their respective cases on behalf themselves and a proposed Class defined as: All persons or entities in the United States who paid for Tesla Repair Services or Tesla-Compatible Parts from March 2019 to the present (the "Class Period").

The Parties do not propose a schedule for class certification because the Court's Order Granting in Part and Denying in Part Stipulation re: Initial Scheduling (Docket No. 30) indicated that it would like to discuss scheduling matters at the initial case management conference on June 15, 2023.

**PLAINTIFFS STATE**:

These actions meet the prerequisites of Federal Rule of Civil Procedure 23(a):

- *Numerosity*: While the exact number is unknown to Plaintiffs at this time, they estimate the total number of class members to be in the hundreds of thousands. The identity of Class members is readily ascertainable from Defendant's records.
- *Typicality*: Plaintiffs' claims are typical of those of their respective classes because they arise from the same course of conduct and seek redress based on the same legal and remedial theories.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
8

- *Adequacy*: Plaintiffs will fairly and adequately represent the interests of the proposed class. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other class members. Plaintiffs are represented by attorneys experienced in the prosecution of class action litigation generally, and in antitrust litigation specifically, who will vigorously prosecute this action on behalf of both Plaintiffs and the proposed class.

- *Commonality*: There are a multitude of law and fact common to the proposed class, including but not limited to whether (a) Defendant is a monopolist in the alleged relevant markets, (b) Defendant engaged in exclusionary conduct designed to acquire or maintain those monopolies, (c) the alleged exclusionary conduct was anticompetitive and/or constitutes an unreasonable restraint of trade, and (d) absent this exclusionary conduct, prices in the relevant markets would have been lower or supply in the relevant markets would have been higher.

Plaintiffs further contend that these actions are maintainable as a class action as set forth in paragraphs (b)(2) and (b)(3) of Federal Rule of Civil Procedure 23.

- *Appropriateness of Class-wide Injunctive Relief*: Defendant has acted or refused to act on grounds generally applicable to the proposed class, making injunctive relief and corresponding declaratory relief appropriate with respect to the proposed class as a whole.

- *Superiority*: A class action will permit numerous similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, or expense. A class action will provide injured persons a method for obtaining redress on claims that could not practicably be pursued individually. Plaintiffs know of no manageability or other issue that would preclude maintenance of this case as a class action.

**TESLA STATES**:  Tesla opposes class certification in these matters, but the complaints do not provide sufficient information for Tesla to respond further to Plaintiffs' positions on class certification at this time.

### 10. Related Cases

There are currently six related cases pending before this Court.  These cases are:

(1) *Lambrix v. Tesla, Inc.*, 3:23-cv-01145-TLT;

(2) *Orendain v. Tesla, Inc.*, 3:23-cv-01157-TLT;

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
9

(3) *Bose v. Tesla, Inc.*, 3:23-cv-01496-TLT;

(4) *Doyle v. Tesla, Inc.*, 3:23-cv-1543-TLT;

(5) *Nana-Anyangwe v. Tesla, Inc.*, 23-cv-2035-TLT; and

(6) *Ragone v. Tesla, Inc.*, 5:23-cv-02352-TLT.

**11. Relief**

**PLAINTIFFS STATE:**

Each of the Plaintiffs seek the same or nearly the same relief, namely that the Court:

(a) Certify a nationwide class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudge and decree that the misconduct alleged violates Sections 1 and 2 of the Sherman Act, and Section 102(c) of the Magnuson-Moss Warranty Act;

(c) Grant injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the proposed class, including, among other things (i) an order permanently enjoining and restraining Tesla, and its officers, directors, agents, servants, employees, attorneys and all other persons acting or claiming to act on their behalf from continuing to engage in the wrongful acts alleged in the complaints and (ii) requiring Tesla to provide access to manuals, diagnostic tools, and vehicle telematic data, at a reasonable cost, to individuals and independent repair shots;

(d) Award damages to Plaintiffs and the proposed class to the maximum amount allowed, and that judgment in favor of Plaintiffs and the proposed class be entered against Tesla in an amount to be trebled to the extent the law permits;

(e) Award pre- and post-judgment interest, as provided by law, and that such interest be awarded at the highest legal rate from and after the date of services of the complaints;

(f) Award plaintiffs and the proposed class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(g) Grant such other further relief as the Court deems appropriate.

Plaintiffs seek to recover all damages flowing from Tesla's alleged misconduct, including at least the following: overcharges paid for Tesla Repair Services and Tesla-Compatible Parts; and rental car and other fees associated with the loss of use of their Tesla EVs while waiting for them to be repaired (in

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
10

excess of what those wait times would have been but for Tesla's alleged misconduct). The amount and calculation of such damages will be calculated by Plaintiffs' experts following discovery.

**TESLA STATES:** Tesla opposes Plaintiffs' requested relief and seeks dismissal of all of Plaintiff's claims with prejudice, as well as an award of costs and fees to the extent permitted by law and in the interests of justice.

### 12. Settlement and ADR

As indicated in their ADR certifications, the Parties prefer to discuss ADR selection and any related schedule with the Court at the June 15, 2023 initial case management conference.

### 13. Other References

The Parties do not believe these cases are suitable for reference to a special master or the Judicial Panel on Multidistrict Litigation.

**PLAINTIFFS STATE:** Plaintiffs are not aware of any binding arbitration agreements between Tesla and Plaintiffs, including Plaintiff Orendain, that encompass the subject matter at issue in these litigations. To the extent Tesla believes such binding arbitration agreements exist, Plaintiffs reserve the right to challenge Tesla's claims. In addition, Plaintiffs take the position that, to the extent Tesla is aware of any such binding arbitration agreements that Tesla believes encompass the subject matter at issue in these litigations, Tesla must timely move to compel or its right to do so will be waived.

**TESLA STATES:** As set forth above in Section 4, Tesla intends to move, on June 9, 2023, to compel arbitration as to one Plaintiff—Robert Orendain, who has validly entered into a binding arbitration agreement with Tesla that encompasses the subject matter at issue in his complaint. Tesla reserves its right to compel any other Plaintiff to binding arbitration that has validly entered into a binding arbitration agreement with Tesla that encompasses the subject matter at issue in these litigations.

### 14. Narrowing of Issues

For purposes of identifying what will likely be the most consequential issues in these cases, the Parties refer the Court to Tesla's upcoming motions dismiss to be filed on June 9, 2023.

The Parties agree that discussions regarding how resolution of these issues may be expedited will be more productive after Plaintiffs have had the opportunity to review Tesla's motions to dismiss.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
11

**15. Expedited Trial Procedure**

The Parties do not believe these cases are of the type to be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**16. Scheduling**

The Parties do not propose any schedules as the Court's Order Granting in Part and Denying in Part Stipulation re: Initial Scheduling (Docket No. 30) indicated that it would like to discuss scheduling matters at the initial case management conference on June 15, 2023.  The Parties believe that the Court should, as a threshold matter, address the issues of consolidation and lead plaintiff selection.

**17. Trial**

Plaintiffs have all demanded a jury trial.  The Parties agree it is difficult to estimate the length of a trial (if any) prior to resolution of Tesla's motions to dismiss.

**18. Disclosure of Non-Party Interested Entities or Person**

The Parties are not aware of any non-party interested entities or persons.  The Parties have all filed a "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

**19. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
12

Dated: June 8, 2023                      */s/ Matthew W. Ruan*
                                         Matthew W. Ruan
                                         *Counsel for Plaintiff Virginia M. Lambrix*

Dated: June 8, 2023                      */s/ Derek Y. Brandt*
                                         Derek Y. Brandt
                                         *Counsel for Plaintiff Robert Orendain*

Dated: June 8, 2023                      */s/ Joseph R. Saveri*
                                         Joseph R. Saveri
                                         *Counsel for Plaintiff Sean Bose*

Dated: June 8, 2023                      */s/ Daniel L. Warshaw*
                                         Daniel L. Warshaw
                                         *Counsel for Plaintiff Patrick Doyle*

Dated: June 8, 2023                      */s/ Jon. A. Tostrud*
                                         Jon A. Tostrud
                                         *Counsel for Plaintiff Philomena Fochwang Nana-Anyangwe*

Dated: June 8, 2023                      */s/ Matthew S. Weiler*
                                         Matthew S. Weiler
                                         *Counsel for Plaintiff Andrew Ragone*

Dated: June 8, 2023                      */s/ Vanessa A. Lavely*
                                         David R. Marriott (SBN 2682565)
                                         Noah Joshua Phillips (*pro hac vice*)
                                         Vanessa A. Lavely (*pro hac vice*)
                                         **CRAVATH, SWAINE & MOORE LLP**

                                         *Counsel for Defendant Tesla, Inc.*


                                         Christopher C. Wheeler (SBN 224872)
                                         **FARELLA BRAUN + MARTEL LLP**
                                         One Bush Street, Suite 900
                                         San Francisco, California 94104
                                         Telephone:  (415) 954-4979
                                         Facsimile:  (415) 954 4480

                                         *Counsel for Defendant Tesla, Inc.*

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
13

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED**.

Dated: _____, 2023

Hon. Trina L. Thompson<br>
UNITED STATES DISTRICT JUDGE

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
14

**E-FILING ATTESTATION**

I, Vanessa A. Lavely, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(h)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

                         */s/ Vanessa A. Lavely*

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
Case Nos. 3:23-CV-1145-TLT; 3:23-cv-1157-TLT; 3:23-cv-1496-TLT;
3:23-cv-1543-TLT; 3:23-cv-2035-TLT; 3:23-cv-2352-TLT.
15